# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**RAYMOND LEWIS,**

                             **Plaintiff,**

    vs.                                              **9:16-CV-804**
                                                          **(MAD/TWD)**

**J. HANSON,** *et al.*,

                             **Defendants.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**RAYMOND LEWIS**
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff, *pro se*

**NEW YORK STATE ATTORNEY GENERAL**     **HELENA O. PEDERSON, ESQ.**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On July 5, 2016, pro se Plaintiff Raymond Lewis filed this prisoner civil rights action against Defendants Sergeant Hanson, Corrections Officer Sharpe, Corrections Officer Mere, Corrections Officer Peck, and two John Doe officers. *See* Dkt. No. 1. Defendants moved to dismiss the complaint, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing the complaint. S*ee* Dkt. No. 19. Magistrate Judge Dancks issued an Order and Report-Recommendation recommending that the Court grant Defendants' motion without prejudice to Plaintiff refiling his suit upon exhausting his administrative remedies. *See* Dkt. No. 24 at 10.

Defendants filed objections. *See* Dkt. No. 26. For the following reasons, the Order and Report-Recommendation is adopted as modified by this Order.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must exhaust all available administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), *abrogated on other grounds by Ross v. Blake*, 136 S. Ct. 1850 (2016). The failure to exhaust is an affirmative defense that must be raised by the defendants and, as such, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford*, 548 U.S. at 90-103.

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* 7 N.Y.C.R.R. § 701.5(b). Second, an adverse decision by the IGRC may be appealed to the Superintendent of the Facility. *See id.* at § 701.5(c). Third, an adverse decision by the Superintendent may be appealed to Central Office Review Committee ("CORC"), which makes the final determination within the administrative review process. *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to § 1983. *See Bridgeforth v. DSP Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter*, 534 U.S. at 524); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). When a plaintiff presents a claim arising "directly out of a disciplinary or administrative segregation hearing . . . (*e.g.*, a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process, not by filing a separate grievance instead of or in addition to his ordinary appeal." *Sweet v. Wende Corr. Facility*, 514 F. Supp. 2d 411, 413 (W.D.N.Y. 2007)

(internal quotation and citations omitted); *see also Davis v. Barrett*, 576 F.3d 129, 131-32 (2d Cir. 2009).

To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by CORC, must be completed before an action asserting that claim may be initially filed. *See*, *e.g.*, *Casey v. Brockley*, No. 9:13-CV-1271, 2015 WL 8008728, *5 (N.D.N.Y. Nov. 9, 2015) ("Receiving a decision from CORC *after* commencing litigation does not satisfy PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice") (citing *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516 (2002)); *Rodriguez v. Rosner*, No. 12-CV-958, 2012 WL 7160117, *8 (N.D.N.Y. Dec. 5, 2012). "[A] post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced." *Guillory v. Haywood*, No. 9:13-CV-1564, 2015 WL 268933, *11 (N.D.N.Y. Jan. 21, 2015) (citing *Neal*, 267 F.3d at 122) (other citation omitted).

Although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016). "First, an administrative remedy may be unavailable when 'it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859). "Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859). "In other words, 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.'" *Id.* at 123-24 (quoting *Ross*, 136 S. Ct. at 1859). "Third, an administrative remedy may be unavailable 'when prison administrators

thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 124 (quoting *Ross*, 136 S. Ct. at 1860).[1]

In his July 5, 2016 complaint, Plaintiff states that his "grievance is pending." Dkt. No. 1 at 4. Therefore, it is clear from the face of the complaint that Plaintiff had not exhausted his administrative remedies at the time he initiated this action. Defendants filed a motion to dismiss for failure to exhaust administrative remedies, and Plaintiff submitted a response stating that his administrative remedies were effectively exhausted because CORC did not render a decision on his appeal within thirty days. *See* Dkt. No. 21 at 2. Judge Dancks recommended that the Court grant Defendants' motion and dismiss the complaint without prejudice to Plaintiff refiling upon fully exhausting his administrative remedies. *See* Dkt. No. 24 at 10. Judge Dancks further recommended that the Court order CORC render a decision on Plaintiff's grievance within thirty days, if it had not already done so.

Defendants filed objections to the Order and Report-Recommendation. *See* Dkt. No. 26. The objections include a declaration from the Assistant Director of the Inmate Grievance Program, Rachel Seguin, which states that the Superintendent of Plaintiff's facility denied his grievance on August 8, 2016—over a month after Plaintiff filed the complaint in this case. *See*

---

[1] In *Ross*, the Court rejected the Second Circuit's "extra-textual" exception to the PLRA's exhaustion requirement which allowed the taking into account of "special circumstances" to justify a prisoner's failure to comply with administrative procedural requirements. *See Ross*, 136 S. Ct. at 1856-57. Rather, it held that the only limit to the PLRA's exhaustion requirement "is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id.* at 1862; *see also Williams*, 829 F.3d at 123 (recognizing that the framework set forth in *Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) and *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), setting forth a "special circumstances" exception to the PLRA's exhaustion requirement has been abrogated in part by *Ross*). As such, the Supreme Court specifically found that an inmate's mistaken belief that he has exhausted his administrative remedies, even where that belief seems reasonable, does not make the administrative remedy unavailable. *See id.* at 1858.

5

Dkt. No. 26-1 at ¶ 11. The declaration goes on to state that she conducted a search of CORC's records and discovered that there is no record of Plaintiff appealing the Superintendent's decision to CORC. *See id.* at ¶¶ 12-14. Therefore, Defendants argue, Plaintiff failed to timely appeal the Superintendent's decision and cannot properly exhaust his administrative remedies. *See* Dkt. No. 26 at 2. Accordingly, Defendants argue that Plaintiff's complaint should be dismissed with prejudice, or that the Court should allow Defendants to file a pre-discovery motion for summary judgment on the grounds that Plaintiff failed to properly exhaust his administrative remedies. *See id.*

In response to Defendants' objections, Plaintiff submitted a letter stating that he attempted to appeal the Superintendent's decision while he was in the special housing unit ("SHU"), but his appeal was not delivered by the corrections officer who picked it up. *See* Dkt. No. 27. Because Plaintiff appears to argue that administrative remedies were not available, the Court will not dismiss his claims with prejudice or allow Defendants to file a pre-discovery motion for summary judgment in this action. First, if administrative remedies were actually unavailable, then dismissal with prejudice is not appropriate.

Second, the question of whether administrative remedies were available should not be resolved by a motion for summary judgment in this action. The complaint in this action is subject to dismissal because Plaintiff's administrative grievance was pending before the Superintendent at the time the complaint was filed. Even if the Court were to find that administrative remedies became unavailable when the corrections officer failed to deliver Plaintiff's appeal, there are no allegations that administrative remedies were unavailable at the time that Plaintiff commenced this action. Therefore, even if administrative remedies later became unavailable, Plaintiff still cannot proceed with this action. *See Pacheco v. Zurlo*, No. 09-CV-1330, 2011 WL 1103102, *3

(N.D.N.Y. Feb. 8, 2011) (citations omitted) ("It is also well settled that the grievance process must be complete prior to the inmate filing suit in federal court. Completing the exhaustion requirement after the federal action is filed is insufficient").

Accordingly, this action is dismissed without prejudice. If Plaintiff chooses to refile, his complaint should include any allegations regarding the unavailability of administrative grievances. The Court does not adopt Judge Dancks's recommendation that the Court order CORC to render a decision within thirty days; such an order is no longer necessary given that Plaintiff's appeal of the Superintendent's decision was never filed with CORC.

After carefully reviewing the parties' submissions, Magistrate Judge Dancks's Order and Report-Recommendation, the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Order and Report-Recommendation (Dkt. No. 24) is **ADOPTED as modified** by this Order; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 19) is **GRANTED** and this action is **DISMISSED without prejudice** based on Plaintiff's failure to exhaust administrative remedies; and the Court further

**ORDERS** that the Clerk of the Court enter judgement in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 28, 2017
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge